to maintain lights at such a distance from the place where trains stopped for passengers to alight, nor to apprise passengers of usual conditions in the absence of anything said or done to induce them to believe to the contrary. We cannot, therefore, disturb the jury's findings of fact.

Nor do we find reversible error in the given instructions, the criticisms of which seem to us more technical than substantial. Some of them have been approved by our Supreme Court, as pointed out in appellee's brief, and were not inapplicable to the peculiar facts and circumstances of this case on which two juries have twice passed adversely to appellant's claims. Under such circumstances, especially when the verdict cannot reasonably be deemed contrary to the evidence, we would be reluctant to remand the case for a fourth trial unless the instructions were manifestly prejudicial or misleading, and we do not think they were.

*Affirmed.*

Jacob Cohn, trading as Chicago Bonnet & Hat Frame Company, Appellee, v. Carlowitz & Company, Appellants.

Gen. No. 21,367.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed with finding of fact. Opinion filed October 10, 1916.

Statement of the Case.

Action by Jacob Cohn, trading as Chicago Bonnet & Hat Frame Company, plaintiff, against Carlowitz & Company, a copartnership, defendants, to recover

damages for nondelivery of goods under an alleged contract of sale. From a judgment for plaintiff, defendants appeal.

Ernest R. Fifer, for appellants; Jennings & Fifer, of counsel.

Pines & Newmann, for appellee; Robert S. Kolliner, of counsel.

Mr. Presiding Justice Barnes delivered the opinion of the court.

### Abstract of the Decision.

Sales, § 1*—*when evidence insufficient to show contract of sale.* In an action for damages for nondelivery of goods to the plaintiff under an alleged contract of sale executed by the defendants, evidence *held* to show that the plaintiff's order was not accepted by the defendants and the defendants' counter proposition was not accepted by the plaintiff, and that no contract existed between the parties.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.